**CAMPBELL & COOMBS, P.C.**
1811 South Alma School, Suite 225
Mesa, Arizona 85210
Telephone: (480) 839-4828
Facsimile: (480) 897-1461
heciii@haroldcampbell.com

Harold E. Campbell
State Bar No. 005160
John D. Yohe
State Bar No. 021636
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| KRISTIN M. COBLE,<br><br>　　　　Plaintiffs,<br><br>　　vs.<br><br>BANK OF AMERICA, N.A.<br><br>　　　　Defendant. | Civil Action Number.: |

## ORIGINAL COMPLAINT FOR DAMAGES

Plaintiff, KRISTIN M. COBLE, by and through undersigned counsel, respectfully prays for Judgment against defendant, as follows:

1. Plaintiff, KRISTIN M. COBLE, is a natural person and domiciliary of Maricopa County Arizona, residing at 4514 E. Decatur, Mesa, AZ 85205.

2. Made defendant herein is:

a) BANK OF AMERICA, N.A. herein referred to as "B of A," a foreign corporation authorized to do and doing business in the State of Arizona, and who will be served through its authorized agent for service of process.

*JURISDICTION OF THE COURT*

3. The Honorable Court has jurisdiction over this matter based upon 28 U.S.C. § 1331, in that this dispute involved predominant issues of federal law. Defendant is liable

unto Plaintiff pursuant to the provisions of the "Fair Credit Reporting Act," 15 U.S.C. § 1681, *et seq*. Defendant is also liable to Plaintiff pursuant to the laws of Arizona and possibly other states, which claims may be brought under Pendant Jurisdiction of the Court.

*REQUEST FOR EXEMPLARY/PUNITIVE DAMAGES*

4.  Plaintiff, KRISTIN M. COBLE, respectfully requests that this Honorable Court consider, as the trier of facts, that in addition to actual or compensatory damages, punitive or exemplary damages may be awarded against Defendant under federal and state laws.

*REQUEST FOR COSTS OF LITIGATION AND ATTORNEY'S FEES*

5.  Plaintiff, KRISTIN M. COBLE, respectfully requests that this Honorable Court consider, as the trier of facts, that in addition to an award of damages, and the costs of litigation, Plaintiff also seeks an award of her reasonable attorneys' fees incurred by Plaintiff.

*GENERAL FACTUAL BASIS FOR COMPLAINT*

6. On April 16, 2008, Plaintiff, KRISTIN M. COBLE filed for relief under Title 11 Chapter 7 of the Bankruptcy Code in the District of Arizona, case number 2:08-bk-04221-RTB.

7. On July 28, 2008, Plaintiff, KRISTIN M. COBLE was granted her Discharge by the Bankruptcy Court of the District of Arizona and her case was closed on August 4, 2008

8. Defendant B of A was listed on Plaintiff's, KRISTIN M. COBLE's bankruptcy schedules and was properly noticed of the bankruptcy by the Clerk of the Bankruptcy Court.

9. Despite being notified of the Chapter 7 bankruptcy proceeding, Defendant B of A continued its collection activity upon the Plaintiff through collection letters sent by its agent, Sunrise Credit Services, Inc ("Sunrise"). Plaintiff informed the Sunrise representative, Mary Goodman, of her Chapter 7 bankruptcy and discharge in multiple

phone conversations and demanded them to cease further collection efforts. Despite Plaintiff's requests to cease contacting her, Defendant B of A continued to harass Plaintiff repeatedly by constantly calling Plaintiff attempting to collect on the discharged debt.

10. On September 29, 2011, Plaintiff moved the Bankruptcy Court to reopen her Chapter 7 bankruptcy and on September 30, 2011, the Bankruptcy Court granted the motion and reopened her bankruptcy case.

11. On January 9, 2012, Plaintiff filed a Motion for Sanctions against Defendant alleging Defendant's actions were contrary to and in violation of the discharge order and 11 U.S.C. § 524.

12. On April 13, 2012, Plaintiff and Defendant entered into a Settlement and Release in which Defendant agreed to release and discharge a security instrument recorded under Maricopa County instrument number 2006-323773 by recording a Deed of Release and Reconveyance. The Deed of Release and Reconveyance was executed and filed with the Maricopa County Recorder on May 8, 2012.

13. On or about August, 2015, Plaintiff applied to refinance the mortgage on her personal residence because the interest rate on the present mortgage is scheduled to increase.

14. Through working with the mortgage lender it was discovered that Defendant has reported a false and derogatory statement regarding the loan that was subject of the Motion for Sanctions filed in the Plaintiff's Chapter 7 proceeding.

15. Defendant issued a consumer report bearing a false and derogatory statement on Plaintiff's account. Defendant reported the account as "profit and loss paid" to the credit reporting agencies.

16. "Profit and loss paid" erroneously reports that the liability was charged-off by the Defendant and that the Plaintiff is still liable for the debt. The subject debt in this case was discharged in bankruptcy and therefore the Plaintiff is not liable for this debt.

17. On or about July 20, 2015, Plaintiff suffered a denial in an attempt to refinance her primary mortgage by Desert Schools Federal Credit Union, who denied

1  Plaintiff solely based on a consumer report issued by Defendant which reported the false
2  and derogatory statement concerning the status of Plaintiff's account.
3      18.  The false and derogatory statement reported by Defendant disqualified
4  Plaintiff from refinancing her primary mortgage on her residence.
5      19.  The Plaintiff has suffered damages in an amount to be proven at trial due to
6  being disqualified from refinancing her primary mortgage.
7      20.  In addition to actual or compensatory damages, Defendant is liable unto
8  Plaintiff in a sum to be assessed by the trier of fact for punitive/exemplary damages under
9  states' laws and/or for willful violations of the provisions of the Fair Credit Reporting Act
10 or other applicable federal laws.

   WHEREFORE, Plaintiff, KRISTIN M. COBLE, PRAYS after all due proceedings
are had there be Judgment herein in favor of Plaintiff and against Defendant, BANK OF
AMERICA, N.A. as follows:

   That there be Judgment herein in favor of Plaintiff and against Defendant, Bank of America, N.A. for all reasonable damages sustained by Plaintiff, including, but not limited to, compensatory damages associated with the costs of being denied credit, the costs incurred in repairing her credit history, out-of-pocket expenses, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, progress and career, and for punitive damages, attorneys' fees, and court costs, and other assessments proper by law and any and all other applicable federal and states' laws, together with legal interest thereon from date of judicial demand until paid. FURTHER, Pray for all such additional, general and equitable relief as may be necessary and proper in the premises.

   DATED:  September 30, 2015

                          **CAMPBELL & COOMBS, P.C.**

                          By: /s/ HEC 005160
                              Harold E. Campbell
                              Attorney for Plaintiff